Filed 4/29/16  In re Christian A. CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re CHRISTIAN A., a Person Coming Under the Juvenile Court Law. | |
| | D069048 |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | |
| Plaintiff and Respondent, | (Super. Ct. No. NJ14844) |
| v. | |
| CHAD A., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Michael

Imhoff, Commissioner.  Affirmed.

Chad A., in pro per., for Defendant and Appellant.

Thomas E. Montgomery, County Counsel, John E. Philips, Chief Deputy County

Counsel, and Patrice Plattner-Grainger, Deputy County Counsel, for Plaintiff and

Respondent.

Chad A. (Father) appeals a judgment declaring his son, Christian A., a dependent

of the juvenile court, removing Christian from his custody, and awarding sole legal and

physical custody to Christian's mother, Jennifer A. (Mother). Father contends the juvenile court did not have personal jurisdiction over him and Christian because they are registered business entities in the state of Minnesota, not people, and no contract exists between them and the San Diego County Health and Human Services Agency (the Agency). We affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In July 2015, the Agency filed a petition on behalf of Christian, who was six years old at the time. The petition alleged Christian was at substantial risk of suffering serious physical harm or illness because he had leukemia and, during a visit with Father, suffered an injury and infection to his hand requiring medical attention that Father had failed to provide. While Christian was in the hospital in July 2015, a social worker had explained to Father that a petition may be filed in the juvenile court and provided Father with her business card. In the detention report, the social worker reported receiving an e-mail from Father, which included an address for him in Oceanside, California. The social worker called Father on the day of the detention hearing to inquire as to whether he planned to attend and express the importance of his attendance.

At the detention hearing, which Father failed to attend, the court ordered the clerk to serve Father with a copy of the petition. The clerk served Father with the petition and detention hearing minute order by mailing them to the address in Oceanside. The detention hearing minute order notified Father of the jurisdictional hearing set for the next month. Further, a social worker called Father after the detention hearing and informed him of the date, time and location of the upcoming jurisdictional hearing.

2

At the jurisdictional hearing in August 2015, where Father again failed to appear, the juvenile court found notice had been given as required by law and that reasonable search efforts had been made to locate and notify Father of the proceedings up to that point. The court scheduled a dispositional hearing for approximately one week later. At the dispositional hearing, the court found that notice has been provided and Father had been served with the petition but failed to appear. The juvenile court declared Christian a dependent, removed physical custody from Father, awarded Mother sole legal and physical custody, and provided Father with supervised visits. This appeal followed.

DISCUSSION

Father contends the juvenile court did not have jurisdiction over him and Christian because they are not persons; rather, they are business entities registered in the State of Minnesota. Father also contends the juvenile court did not have jurisdiction because no contract existed between the Agency and those entities. The Agency argues Father invited and forfeited the error for appeal. Even assuming Father did not invite or forfeit his challenge to personal jurisdiction, we reject his arguments on the merits.

The juvenile court is statutorily empowered to assume dependency jurisdiction over a child any time it determines a minor is described by any one of subdivisions (a) through (j) of section 300 of the Welfare and Institutions Code (undesignated statutory references are to this code). Stated differently, "a child is by definition 'within the jurisdiction of the juvenile court pursuant to [s]ection 300' if he or she is one who either has or will likely suffer serious neglect or abuse, without regard to whether a section 332 dependency petition—or indeed any jurisdictional petition—has yet been filed to

3

establish that particular child as a dependent of the juvenile court." (*In re Elijah S.* (2005) 125 Cal.App.4th 1532, 1544, italics omitted.)

The juvenile court obtains personal jurisdiction over a parent when the individual is properly noticed. (*In re Daniel S.* (2004) 115 Cal.App.4th 903, 916 (*Daniel S.*).) Parents are entitled to due process notice of juvenile court proceedings affecting the care and custody of their children and the absence of due process notice to a parent is a "fatal defect" in the juvenile court's jurisdiction. (*In re B.G.* (1974) 11 Cal.3d 679, 688, 689.) Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." (*In re Melinda J.* (1991) 234 Cal.App.3d 1413, 1418 (*Melinda J.*).) The means employed to give a party notice for due process purposes " 'must be such as one, desirous of actually informing the absentee, might reasonably adopt to accomplish it.' " (*In re Antonio F.* (1978) 78 Cal.App.3d 440, 450.)

Here, Father does not dispute that he was aware of the proceedings. Rather, he claims defects in jurisdiction due to his and Christian's names being registered as business entities. Whether or not the names are registered business entities does not defeat jurisdiction. Similarly, whether a contract existed between the Agency and those business entities is irrelevant to jurisdiction. The juvenile court had jurisdiction over Christian because he was a child described in section 300, subdivision (b). Significantly, the juvenile court assumes dependency jurisdiction over a child; it does not take jurisdiction over the parents. (*Daniel S.*, *supra*, 115 Cal.App.4th at p. 916.) Thus, Father

4

is mistaken to the extent he claims that the juvenile court was required to have personal jurisdiction over him to begin the dependency proceedings.

As to Father, there is ample evidence in the record regarding notice. A social worker called Father to inform him of the detention hearing. Thereafter, the court clerk served Father with the petition and detention hearing minute order by mailing those documents to the Oceanside address Father had provided in an e-mail to a social worker. The detention hearing minute order notified Father of the jurisdictional hearing. Father does not contend the address was incorrect. Further, a social worker called Father after the detention hearing and informed him of the date, time and location of the upcoming jurisdictional hearing. Due process required notice reasonably calculated to apprise Father of the action and afford him an opportunity to present his objections. (*Melinda J.*, *supra*, 234 Cal.App.3d at p. 1418.) Based on our review of the record, due process was satisfied in this case and we find no jurisdictional defect.

DISPOSITION

The judgment is affirmed.


McINTYRE, Acting P. J.

WE CONCUR:


O'ROURKE, J.


IRION, J.


5